IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01521-WDM

KENDALL JACOBSON,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner, Social Security Administration,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Miller, J.

    This is an appeal of the decision of defendant Jo Anne B. Barnhart, Commissioner of Social Security (Commissioner), denying plaintiff Kendall Jacobson's (Jacobson) application for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § § 401-433 and 1381 -1383c.  Jacobson's application, filed on January 15, 2003 (Transcript [Tr.] at 24, 63) was initially denied on April 25, 2003.  *Id.* at 43.  Jacobson timely filed a request for hearing.  *Id.* at. 41.  A hearing was held before Administrative Law Judge (ALJ) William Musseman on June 24, 2004.  *Id.* at 27.  ALJ Musseman issued an Unfavorable Decision on February 15, 2005, denying Jacobson's claim for benefits under the Social Security Act.  *Id.* at 11-21.

    The ALJ found at step one of the five step sequential evaluation required by law, that Jacobson had not engaged in substantial gainful activity.  Tr. at 15.   At step two, the ALJ found that Jacobson had an underlying medically determinable mental impairment that has been characterized at times as cognitive disorder, paranoid

schizophrenia, personality disorder, bright but strange behavior, and substance addiction disorder.  *Id.* at 18.  At step three of the evaluation the ALJ found that these impairments did not meet or equal any impairment found in the Listing of Impairments, Appendix 1 to subpart P of the regulations.  *Id.*

At step four of the evaluation, the ALJ determined that Jacobson retained the following abilities:  perform unskilled (SVP 2 or less) jobs that permit moderate limitations in the ability to understand and remember detailed instructions; carry out detailed instructions; maintain attention and concentration for extended periods; complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; interact appropriately with the general public; and accept instructions and respond appropriately to criticism from supervisors.  Tr. at 21.  The ALJ found that Jacobson had no past relevant work he could perform.  *Id.*  In coming to this conclusion, the ALJ found that Jacobson's allegations of disabling symptoms were not fully credible, and rejected the opinion of his treating physician, Dr. Mark Fallon-Cyr.

The ALJ then proceeded to step five of the evaluation.  The ALJ found that Jacobson was a younger individual with a high school education and no transferrable skills.  Tr. at 21.  After eliciting testimony from the vocational expert, the ALJ found that Jacobson could perform jobs that existed in the national or regional economy in significant numbers such as laundry worker, hand packer, and small product assembler.  *Id.* at 20, 21.  The ALJ, therefore, concluded that Jacobson was not under

a disability as defined by the Social Security Act. *Id.* at 21.

Jacobson timely filed a Request for Review with the Appeals Council on April 15, 2005. Tr. at 9. The Appeals Council denied the Request for Review by Notice of Appeals Council Action on June 8, 2005. *Id.* at 4-7. Jacobson timely filed a complaint with the United States District Court for the District of Colorado. This Court has jurisdiction to review the decision pursuant to 42 U.S.C. § 405(g).

### Standard of Review

A court's review of a finding that a plaintiff is not disabled is limited to determining whether the Commissioner applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Sec. of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). It requires more than a scintilla of evidence but less than a preponderance of the evidence. *Gossett v. Bowen*, 862 F. 2d 802, 804 (10th Cir. 1988). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F. 2d 1371, 1374 (10th Cir. 1992).

Further, "if the ALJ failed to apply the correct legal test, there is ground for reversal apart from substantial evidence." *Thompson v. Sullivan*, 987 F. 2d 1482, 1487 (10th Cir. 1993). Although the Court should carefully examine the record, it may not weigh evidence or substitute its discretion for that of the Commissioner. *Id.*

Discussion

1.  Whether the ALJ Erred in Assessing the Opinions of Jacobson's Treating and Examining Medical Professionals.

Jacobson argues that the ALJ erred in rejecting the opinions of Dr. Fallon-Cyr in forming his residual functional capacity (RFC) determination and further erred in assessing the weight accorded to examining providers Dr. J.W. Ragsdale and Dr. Ed Cotgageorge. He specifically argues that the ALJ did not properly assess these opinions pursuant to 20 C.F.R. 404.1527(d) and 20 C.F.R. 416.927(d). I agree.

The ALJ is required to evaluate every medical opinion he receives. 20 C.F.R. §§ 404.1527(d) and 416.927(d). In determining the weight to be given a medical opinion, the ALJ must consider the length of the treatment relationship and frequency of examination; the nature and extent of the treatment relationship; the degree to which the physician's opinion is supported by relevant evidence; consistency between the opinion and the record as a whole; and whether or not the physician is a specialist. 20 C.F.R. § 416.927(d)(2)-(6). *Goatcher v. U.S. Dept. of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995). A treating source's medical opinion must be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2); SSR 96-2p. Before an ALJ can reject the opinion of a treating physician completely, he must give specific, legitimate reasons for doing so. SSR 96-2p; *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004); *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003). "[I]n choosing to reject the

treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation, or lay opinion." *Langley v. Barnhart*, 373 F.3d 1116, 1121 (10th Cir. 2004) (citation omitted).

The ALJ failed to cite any specific medical evidence that contradicted Dr. Fallon-Cyr's assessment. Instead, the ALJ dismissed the opinion because of his own assessment that there was not "even minimal support in the record" for Dr. Fallon-Cyr's opinion of Jacobson's limitations. This bald conclusion does not allow for meaningful appellate review. Indeed, there is no indication that the ALJ weighed the factors contained in 20 C.F.R. § 416.927(d)(2)-(6) in coming to his conclusion. Thus, I cannot determine if the appropriate legal standards were applied.

Furthermore, while it is clear that the ALJ did not feel Dr. Fallon-Cyr's opinion should be accorded controlling weight, the ALJ failed to articulate the "specific and legitimate" reasons for rejecting the opinion completely. As stated by Judge Baldock of the 10th Circuit in *Watkins v. Barnhart*, 350 F. 3d at 1300:

> [a]djudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. §§ 404.1527 and 416.927.

Here, there is no indication that the ALJ gave the opinion of Dr. Fallon-Cyr any

deference, or that he considered the factors of 20 C.F.R. § 416.927.

I also note that the ALJ's conclusion that "Dr. Fallon-Cyr wants to help the claimant" suggests that the ALJ was speculating that the doctor based his opinion on sympathy, not evidence. Such speculation is forbidden by *Langley v. Barnhart*, 373 F.3d at 1121. Indeed, it is generally presumed that all medical professionals wish to help their patients. Why or how this salutary intent would cause Dr. Fallon-Cyr to make a medically unsupported opinion is not explained.

Furthermore, while the ALJ discussed some of the findings of Dr. Ragsdale and Dr. Cotgageorge, he did not state what, if any, weight he accorded to those opinions. 20 C.F.R. § 416.927(d) is clear that all medical opinions should be assessed using the factors of 20 C.F.R. § 416.927(d)(2)-(6) if the opinion of the treating physician is not given controlling weight. *See also* 20 C.F.R. § 416.927(f)(2)(ii). Additionally, the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician. 20 C.F.R. § 416.927(d)(1).

Here, the ALJ gave the most weight to the assessment Dr. Glasco, a non-examining physician, but did not state what weight he was assigning to the opinions of Drs. Ragsdale and Cotgageorge or discuss the factors of 20 C.F.R. § 416.927(d)(2)-(6). Tr. 20. The ALJ is required to assess all of these opinions in accordance with the regulations.

2. Whether the ALJ Erred in His Assessment of Jacobson's RFC

Given that remand is necessary for a proper assessment of the opinions of Jacobson's treating and examining physicians, remand is also proper for a

re-evaluation of his RFC.  This is so because a re-weighing of the opinions of the physicians may result in the adoption of limitations which are more or less restrictive than the RFC found by the ALJ.  Therefore, it would be contrary to the purpose of the five step sequential evaluation to remand for a reconsideration of the opinions of Jacobson's physicians without also allowing the ALJ to modify his RFC in light of those opinions, if necessary.

Accordingly, it is

ORDERED that this case is REVERSED AND REMANDED to the Commissioner pursuant to 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

DATED at Denver, Colorado, on August 9, 2006.

                                                      BY THE COURT:

                                                      s/ Walker D. Miller  
                                                      United States District Judge